UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ARIAN SILVERE,

                  Plaintiff,

          -against-

THE CITY OF NEW YORK; METROPOLITAN
TRANSIT AUTHORITY; TRIBOROUGH BRIDGE
AND TUNNEL AUTHORITY; and NEW YORK CITY
DEPARTMENT OF FINANCE,

                  Defendants.
-------------------------------------------------------------------x

**MEMORANDUM AND ORDER**

26-CV-00630 (OEM) (SDE)

ORELIA E. MERCHANT, United States District Judge:

On April 1, 2026, *pro se* Plaintiff Arian Silvere ("Plaintiff") commenced this action. *See generally* Complaint for Violation of Civil Rights and Constitutional Violations Pursuant to 42 U.S.C. § 1983, Dkt. 1. Plaintiff did not pay the requisite filing fees but applied to proceed *in forma pauperis* ("IFP"). *See* Application to Proceed In Forma Pauperis Pursuant to 28 U.S.C. § 1915, Dkt. 2 ("IFP Motion" or "IFP Mot.").

For the foregoing reasons, Plaintiff's IFP Motion is denied. In order to proceed with this action, Plaintiff is granted thirty days from the date of this Order to pay the $405.00 filing fee.

**DISCUSSION**

28 U.S.C. § 1914(a) "require[s] the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350." There is an additional administrative fee of $55, for a total of $405. JUD. CONF. SCHEDULE OF FEES, DIST. CT. MISCELLANEOUS FEE SCHEDULE n.14 (2023) (issued in accordance with 28 U.S.C. § 1914). Pursuant to 28 U.S.C. § 1915(a)(1), the Court may waive the filing fees for an indigent party after they "submit[] an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give

security therefor." The IFP statute is "intended for the benefit of those too poor to pay or give security for costs." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). The statute is designed "to insure that indigent persons have equal access to the judicial system." *Davis v. N.Y.C. Dep't of Educ.*, 10-CV-3812 (KAM), 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010). A litigant makes a "sufficient" showing of inability to pay when his application demonstrates that he "cannot because of his poverty 'pay or give security for the costs . . . and still be able to provide' himself and his dependents 'with the necessities of life.'" *Adkins*, 335 U.S. at 339 (alteration in original). "The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court." *Grimes v. Sil*, 19-CV-1066(AMD), 2019 WL 981639, at *1 (E.D.N.Y. Feb. 27, 2019). A court "properly exercises its discretion to deny the application" if an applicant's access to the court is not blocked by his financial condition; rather, "he is 'merely in the position of having to weigh the financial constraints posed if he pursues [his position] against the merits of his case.'" *Brooks v. Aiden 0821 Capital LLC*, CV 19-6823 (GRB)(AYS), 2020 WL 4614323, at *5 (E.D.N.Y. July 22, 2020) (alteration in original) (quoting *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002)).

Here, Plaintiff's IFP Motion does not make a sufficient showing of ability to pay. According to the IFP Motion, Plaintiff "is currently employed full-time by a New York City property management company" and his gross annual income is "[a]pproximately $75,000 per year (approximately $6,250.00 per month gross; approximately $4,400.00-$4,600.00 per month net [income] after taxes and withholdings, estimated)." IFP Mot. at 2. Plaintiff's monthly expenses include base rent, "title/building fees", food and groceries, gasoline, prescription medications, and credit card debt service, which total $2,280 to $2,555. *Id.* at 3. Plaintiff has $5.00 in cash, no savings, and his checking account is overdrawn. *Id.* Additionally, Plaintiff owns

a car and does not own real property. *Id.* at 2.  Plaintiff has no dependents. *Id.* at 3.  Plaintiff argues that he "has no meaningful discretionary income," and paying the filing fee would "require [him] to incur additional debt or default on existing obligations." *Id.*  He argues that paying the $405 filing fee would cause him "serious financial hardship" because he would incur this additional debt. *Id.* at 4.

Plaintiff's IFP Motion does not demonstrate that Plaintiff is unable to pay the filing fee. Plaintiff is employed and his monthly expenses do not exceed his monthly income of at least $4,400.  *Compare Powell v. N.Y. State Unified Ct. Sys.*, 22-CV-7458 (JMA) (SIL), 2023 WL 1825044, at *1 (E.D.N.Y. Jan. 10, 2023) (finding the plaintiff was disqualified from IFP status because his reported income "significantly exceed[ed] his reported expenses")*, and Doroz v. Delorio's Food Inc.*, 6:19-cv-0924 (GTS/TWD), 2019 WL 13472597, at *1 (N.D.N.Y. Aug. 12, 2019) (denying the plaintiff's IFP application and noting that "[w]hile Plaintiff has a significant debt-to-income ratio, Plaintiff has not demonstrated that he is 'unable' to pay the filing fee at this time")*, with Hans-Gaston v. N.Y. State Educ. Dep't ACCES – VR State Unit*, 24-CV-4691 (PKC) (LB), 2024 WL 3718665, at *2 (E.D.N.Y. Aug. 7, 2024) (granting the plaintiff's IFP application after his long-form IFP application demonstrated that he was unable to pay the filing fee because his monthly income was $750 and his monthly expenses were $793).

## CONCLUSION

Accordingly, Plaintiff's IFP Motion is denied.  In order to proceed with this action, Plaintiff is granted until June 15, 2026, to pay the $405.00 filing fee to the Clerk of Court for the Eastern District of New York.  If Plaintiff pays the filing fee by June 15, 2026, the Clerk of Court shall issue a summons, and Plaintiff must have the summons and complaint served on the defendants named in his complaint in accordance with Rule 4 of the Federal Rules of Civil Procedure.  Plaintiff

is warned that failure to pay the $405.00 filing fee by June 15, 2026, may result in dismissal of this action without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this Order to Plaintiff and note the mailing on the docket. All further proceedings shall be stayed.

SO ORDERED.

_/s/_____

ORELIA E. MERCHANT
United States District Judge

May 14, 2026
Brooklyn, New York